Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 8639 | **DATE** | January 26, 2012 |
| **CASE TITLE** | *Komaa Mnyofu v. Village of Matteson Police Dep't* | | |

**DOCKET ENTRY TEXT**

The court's screening of plaintiff Komaa Mnyofu's complaint reveals that an underlying criminal matter remains pending in state court. For the reasons discussed below, the court stays Mnyofu's claims pending the outcome of his state criminal proceeding. His motion to proceed *in forma pauperis* [4-1] is denied without prejudice to Mnyofu's refiling the motion after the stay has been lifted. His motion for leave to proceed *pro se* [5-1] is stricken as unnecessary as a plaintiff is entitled to proceed *pro se* without court permission. The clerk is directed to place this case on the court's suspense docket. Mnyofu shall file a status report no later than April 23, 2012, advising the court of the status of his state criminal proceeding. If Mnyofu fails to file the status report, his case may be dismissed with prejudice for want of prosecution.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Komaa Mnyofu has filed suit against the Village of Matteson Police Department, and two of its officers, Rasheem Beck and Robert Wilson. He alleges three claims: (1) false arrest in violation of his rights under the U.S. Constitution (Count I); (2) conspiracy to falsely arrest him in violation of his rights under the U.S. Constitution (Count II); and (3) intentional infliction of emotional distress under state law.

This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status. *See* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). As part of its screening of Mnyofu's complaint, the court has taken judicial notice of the docket in the state court criminal matter underlying this case. *See Village of Matteson v. Mnyofu*, Case No. 10 MC 601454501 (Circuit Court of Cook County, Criminal Division). According to the state docket, Mnyofu was arrested on December 5, 2010, and charged with disorderly conduct, resisting arrest, and refusing to provide his identification to officers. The criminal matter is still pending in state court, and the parties are set to appear in state court next on March 12, 2012.

Because his criminal matter has not yet resulted in a conviction, his constitutional claims brought under 42 U.S.C. § 1983 are not presently barred by the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), under which a district court must dismiss a § 1983 claim if success would imply the invalidity of a state criminal conviction or sentence. *See Jamison v. Urban*, 411 Fed. App. 919, 921 (7th Cir. 2011) (unreported) ("*Heck* delays accrual only when there exists a conviction or sentence that has not been invalidated; it does not bar suits that would call into question anticipated convictions."). Nevertheless, because the validity of his arrest is likely to be resolved in his state criminal matter, and in furtherance of the

| STATEMENT |
|---|

interests of judicial economy, Mnyofu's § 1983 claims filed before this case are stayed pending the outcome of his criminal proceedings. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("The prospect that charges will be filed, and a conviction ensue, does not postpone the claim's accrual. . . . Instead of dismissing the § 1983 suit, the district judge should stay proceedings if the same issue may be resolved in the criminal prosecution (including a collateral attack)."). In an exercise of its discretion, this court also declines to exercise its supplemental jurisdiction to entertain Mnyofu's state law claim under 28 U.S.C. § 1367 at this time and, instead, stays that claim along with the § 1983 claims.

Accordingly, the court stays Mnyofu's claims pending the outcome of his state criminal proceeding. His motion to proceed *in forma pauperis* [4-1] is denied without prejudice to Mnyofu's refiling the motion after the stay has been lifted. His motion for leave to proceed *pro se* [5-1] is stricken as unnecessary as a plaintiff is entitled to proceed *pro se* without court permission. The clerk is directed to place this case on the court's suspense docket. Mnyofu shall file a status report no later than April 23, 2012, advising the court of the status of his state criminal proceeding. If Mnyofu fails to file the status report, his case may be dismissed with prejudice for want of prosecution.